53  457
127a 408

ELLA L. RIGNEY, Appellant, *v.* THOMAS G. RIGNEY, Respondent.

*Decree of divorce and for alimony in an action in New Jersey — when a party cannot dispute the jurisdiction of the court in an action to enforce such decree in the State of New York.*

In an action brought by one Ella L. Rigney, in the Court of Chancery of the State of New Jersey, for an absolute divorce on the ground of adultery, the defendant appeared and answered the original bill of complaint, denying the acts of adultery. Subsequently the plaintiff filed a supplemental bill, charging the defendant with other acts of adultery committed by him after the original bill had been filed, a copy of which supplemental bill was served upon the defendant in the State of New York, with an order made by the chancellor of New Jersey requiring him to appear and plead thereto within a specified time.

Upon the expiration of the time specified in such order the defendant having failed to appear or to make any answer, a decree was made adjudging that the defendant had been guilty of adultery, not only as charged in the original bill, but as charged in the supplemental bill, dissolving the marriage between the parties, directing that the plaintiff should have the custody of the children of the marriage and awarding alimony to the plaintiff, *pendente lite,* at the rate of $100 per month from the filing of the bill to the date of the decree, and thenceforth at the rate of forty-five dollars per week for the maintenance and support of herself and her children, together with costs and $150 for counsel fees.

After the entry of the final decree, the final decree was, upon the application of the defendant, modified by the chancellor by striking out the words in the decree convicting him of the acts of adultery alleged in the original bill to have been committed by him. In amending the decree no change was made in its provisions relating to alimony, etc.

In an action brought in the State of New York to enforce the decree of the Court of Chancery of New Jersey, awarding alimony, counsel fees and costs, the defendant in his answer denied that the said Court of Chancery of New Jersey had obtained jurisdiction of the person of the defendant under said supplemental bill, or had any power to enter a personal decree against him, and denied that such decree, so far as it was a personal decree against this defendant, was of any validity or effect; but he admitted that the said decree was effectual to dissolve the marriage *status* existing between him and the plaintiff, and further admitted that since the making of the decree, acting upon the theory of the validity and binding force thereof, the defendant on the 18th day of September, 1887, married a woman with whom he was then living as his wife in the city of New York.

*Held,* that as the defendant had caused his appearance to be entered, and the chancellor had acquired jurisdiction to proceed in the case and to render a judgment therein, which should not only dissolve the marriage, but charge the

defendant personally with the payment of alimony, he did not lose jurisdiction of the action because the plaintiff subsequently filed a supplemental bill alleging matters which had occurred after the original bill was filed, as the suit remained the same suit, and the judgment was a judgment in the original action.

That while it might have been an error for the Court of Chancery to leave the portion of the decree awarding alimony to the plaintiff, after striking out that part which adjudged the defendant guilty of the acts of adultery alleged in the original bill, and while that portion of the decree might be erroneous or irregular, yet the defendant must seek the proper relief in the New Jersey tribunal.

That the decree for the payment of alimony was enforceable in this State.

That defendant having admitted by his answer that the court in New Jersey had jurisdiction to dissolve the marriage between himself and the plaintiff, he could not be heard to deny that the court had power to grant the incidental relief, which naturally followed the right to dissolve the marriage. (VAN BRUNT, P. J.)

APPEAL from a judgment, which was entered in the office of the clerk of the city and county of New York on the 7th day of June, 1888, at a New York Special Term, dismissing the complaint after a trial in an action brought to enforce a decree of the Court of Chancery of New Jersey, awarding the plaintiff alimony, counsel fees and costs in a suit for absolute divorce.

*J. A. Shoudy,* for the appellant.

*Hamilton Wallis,* for the respondent.

BARTLETT, J. :

The plaintiff sued the defendant in the Court of Chancery of the State of New Jersey for an absolute divorce on the ground of adultery. The defendant appeared, and answered the original bill of complaint, denying the acts of adultery with which he was charged therein. Subsequently, the plaintiff filed a supplemental bill, charging the defendant with other acts of adultery committed by him after the original bill was filed. The defendant was not served within the territorial jurisdiction of New Jersey with any process issued upon this supplemental bill. He was, however, in the State of New York, served with a copy of the said supplemental bill, and with an order made by the chancellor of New Jersey requiring him to appear and plead thereto within a specified time, and providing that in default thereof such decree would be made against him as the chancellor should think equitable and just. Upon the expiration of this time, the defendant having failed to appear in

response to said order or to make any answer to the supplemental bill, the case was referred to a master to take testimony, and, upon the coming in of his report, a decree was made adjudging that the defendant had been guilty of adultery, not only as charged in the original bill, but as charged in the supplemental bill dissolving the marriage between the parties, directing that the plaintiff should have the custody of the children of the marriage, and awarding alimony to the plaintiff, *pendente lite*, at the rate of $100 per month from the filing of the bill to the date of the decree, and thenceforth at the rate of forty-five dollars per week for the maintenance and support of herself and children, together with costs and $150 for counsel fees. It is to recover the alimony, costs and counsel fee due to the plaintiff under this decree that the present action is brought.

Under the law of New Jersey and under the chancery practice prevailing in that State, as testified to upon the trial of the present case, it seems that the supplemental bill is an independent proceeding, so far as the supplementary matter is concerned; that an appearance to the original bill does not operate as an appearance to the new matter in the supplemental bill; and that to bring the defendant into court, as to such new matter, he must be served with a writ of subpœna issued thereon, unless he appears thereto voluntarily. As he was not served with any subpœna issued on the supplemental bill in the New Jersey divorce suit, the defendant contends that the Court of Chancery there never obtained any jurisdiction over him to render the decree for the payment of alimony upon which this action is founded. He admits, however, that the decree, in that suit was effectual to some extent and for one purpose. It appears that since its rendition he has married a woman other than the plaintiff, so that his position is that the decree is good in New Jersey and everywhere else, so far as it dissolves the marriage contract, but is not enforceable against him personally so far as it commands him to pay alimony. The language of the answer on this subject is as follows: " But this defendant denies that said Court of Chancery of New Jersey ever obtained jurisdiction of the person of this defendant under said supplemental bill or had any power to enter a personal decree against him, and he denies that such decree. so far as it is a personal decree against this defendant, is of any validity or effect, but he admits that said decree was effectual to dis-

solve the marriage *status* existing between him and the plaintiff."
And the defendant goes on in his answer and expressly admits the
allegations contained in the eleventh paragraph of the complaint in
this action, which are, that since the making of the decree in New
Jersey, acting upon the theory of the validity and binding force
thereof, the defendant, on the 18th day of September, 1887, married
a woman, with whom he is now living as his wife, in the city of
New York.

After the final decree was entered in the New Jersey suit the
defendant appears to have been dissatisfied therewith, because it
declared him to be guilty of the acts of adultery charged in the
original as well as in the supplemental bill; and accordingly he took
steps to have it corrected. He caused Messrs. Wallis & Edwards,
who described themselves as his solicitors for the purposes of the
motion only, to serve a notice upon the solicitor for the complainant
(the plaintiff here), that they should apply to the chancellor for an
order modifying the final decree by striking out the words "The
said defendant has been guilty of the crime of adultery charged
against him in the said bill of complaint and supplemental bill
thereto," so as to make that part of the decree read: "The said
defendant has been guilty of the crime of adultery charged against
him in the said supplemental bill thereto." When the motion thus
noticed came on to be heard it was granted by the chancellor, and
the decree was amended on January 31, 1888, by omitting the finding
that the defendant was guilty of the adultery charged against him by
the original bill; so that the sole adjudication contained in the decree
as to the defendant's adultery is that he was guilty as charged in the
supplemental bill. In amending the decree, however, no change
was made in the provisions relating to alimony. The learned judge
before whom this case was tried at Special Term dismissed the com-
plaint on the ground that the Court of Chancery in New Jersey had
no jurisdiction to make any personal decree against the defendant.
He did not pronounce upon the validity of the defendant's second
marriage, but held that the fact that he had married again did not
preclude the defendant from questioning the jurisdiction of the
New Jersey court so far as it directed him to pay alimony.

That the defendant was in court in the divorce suit, so far as the
original bill of complaint was concerned, is not disputed. He had

caused his appearance to be entered, and the chancellor had acquired jurisdiction to proceed in the cause and to render a judgment therein which should not only dissolve the marriage, but charge the defendant personally with the payment of alimony. It does not seem to me that he lost this jurisdiction because the plaintiff subsequently filed a supplemental bill alleging matters which had occurred after the original bill was filed. The suit remained the same suit, and the judgment was a judgment in the original action. The filing of the supplemental bill was not the institution of a new action. Certainly it could not have been deemed so by the chancellor, for the decree, even after the amendment which was made at the instance of the defendant, was based not upon the supplemental bill alone, but upon the original bill as well. This is apparent, not only from the recital as to the filing of the original bill, and the subsequent statement that the decree is made upon the pleadings, but from the provision in regard to the payment of alimony : "And it is further ordered that alimony, *pendente lite*, be allowed at the rate of one hundred dollars per month from the filing of the bill up to the date of this order, and that from thenceforth the said Thomas G. Rigney pay to the said Ella L. Rigney the sum of forty-five dollars per week at the termination of each and every week from the date of this order for her maintenance and the education of her said children." The original bill was filed on April 23, 1883. The supplemental bill was filed on May 18, 1886. The decree, as appears from the language just quoted, awarded the plaintiff alimony from the time the bill, that is, the original bill, was filed; so that, of the entire amount of alimony which the defendant was directed to pay, more than $3,600 accrued before the supplemental bill was filed at all, and while the suit rested solely upon the original bill, as to which it is conceded that the court had jurisdiction to render a personal judgment against the defendant.

It may be that it was error for the Court of Chancery to leave this portion of the decree standing, after striking out that part which adjudged the defendant guilty of the acts of adultery alleged in the original bill; but we have nothing to do with that question. If the provision for the payment of alimony *pendente lite*, prior to the filing of the supplemental bill, is erroneous or irregular, the defendant must seek the appropriate relief in New Jersey. We have

presented to us in this case a decree made in a suit in the New Jersey Court of Chancery, in which the defendant voluntarily appeared. That decree directs him to pay money. Not only from its express terms, but by necessary implication from the provisions which it contains in respect to alimony, it is manifest that the decree rests, in part, at least, upon the original bill of complaint. Upon that bill the court concededly possessed the power to make a personal decree against the defendant. Under these circumstances, while he may complain that the judgment was erroneously rendered, I do not think he can successfully question the jurisdiction of the court to render it.

In my opinion, the decree for the payment of alimony is enforceable in this State. The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J.:

I concur in the result, but not in the grounds assigned by Mr. Justice BARTLETT for his conclusion. The defendant admits by his answer that the court in New Jersey had jurisdiction to dissolve the marriage between himself and the plaintiff, and having admitted this fact, he cannot be heard to assert that the court had no power to grant the incidental relief which naturally followed the right to dissolve the marriage. If the court had the jurisdiction to make any part of the decree, it was empowered to make the whole decree.

DANIELS, J.:

As the defendant appeared in the action and thereby voluntarily subjected himself to the jurisdiction of the court, he became bound by the decree. The court never lost or was deprived of that jurisdiction. And even if the court proceeded irregularly in making the final decree, that irregularity should have been there corrected. The defendant having failed to take any proceeding for that end in the Court of Chancery of New Jersey, cannot resist in this action the enforcement of the decree. The judgment must, therefore, be reversed and a new trial ordered.

Judgment reversed and new trial granted, with costs to the appellant to abide event.